UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

YOLANDA SATCHELL,

                          Plaintiff,

          v.                                          Action No. 3:11-CV-00144

OCWEN LOAN SERVICING, LLC, *et al.*,

                          Defendants.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff's Motion to Remand. (Doc. No. 13.)

Plaintiff moves the Court to remand this case to the Circuit Court of Prince George County

and award reasonable attorney fees and costs. For the reasons stated below, the Court

GRANTS the Motion, but denies the request for fees.

**I.      BACKGROUND**

Plaintiff Yolanda Satchell ("Satchell") filed a Bill of Complaint and Petition for

Injunction against Defendants in the Circuit Court of Prince George County alleging Ocwen

Loan Servicing, LLC ("Ocwen"): (1) breached the parties' contract when it failed to modify

Satchell's mortgage; (2) negligently processed the modification application, causing

Satchell severe harm; and (3) should be estopped from claiming the parties did not have a

contract.  Satchell also alleges Nectar Projects, Inc. ("Nectar"), the substitute trustee,

breached the contract to modify Satchell's mortgage.

Satchell purchased a tract of land at 10018 Golf Course Drive in Disputanta, Virginia.

She took out a first lien mortgage in the amount of $ 180,000.00 on July 27, 2006. Ocwen

services the loan. Satchell retained counsel January 26, 2011, in an effort to obtain a loan

1

modification and avoid foreclosure. Satchell's counsel spoke with an Ocwen representative

January 27, 2011. The representative told counsel to visit Ocwen's website to obtain an

application and send the application to Ocwen via fax and email. Counsel sent the

documents that day. Counsel spoke with a different Ocwen representative January 31,

2011. The representative told counsel Ocwen had received the application for modification

but could not postpone the sale of Satchell's home until the loan modification was

approved. Plaintiff's home was scheduled to be sold at a February 8, 2011, foreclosure sale.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute[.]" <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511

U.S. 375, 377 (1994). Title 28 of the United States Code, section 1331, provides district

courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States."

A case originating in state court may be removed to federal court if the district court

has original federal question or diversity jurisdiction. 28 U.S.C. § 1441(a), (b). If at any time

before final judgment it appears the district court lacks subject matter jurisdiction,

however, the court must remand the case. 28 U.S.C. § 1447(c). A district court that remands

a case may require the removing party to pay costs and expenses, including attorney fees,

incurred as a result of the removal. <u>Id</u>.

## III.    DISCUSSION

### a.   <u>The Court Lacks Subject Matter Jurisdiction</u>

The issue before the Court is whether Satchell's claims arise under the Department

of the Treasury's Home Affordable Modification Program ("HAMP") guidelines, thereby

conferring federal question jurisdiction on this Court. Satchell urges the Court to remand

because the Court does not have subject matter jurisdiction. Satchell argues her claims do

not arise under HAMP and, consequently, do not arise under the laws of the United States.

Thus, the Court does not have federal question jurisdiction. Satchell contends Ocwen's

theory of federal question jurisdiction is predicated on an alternative theory of liability

Satchell chose not to plead and is not present on the face of the Complaint. Satchell states

she could have sought judicial enforcement of HAMP directly or could have asserted her

rights as an intended third-party beneficiary of the contract between Ocwen and the United

States Department of the Treasury. In that case, she concedes this Court would have federal

question jurisdiction. Because she chose to rely on state law theories of contract and tort,

however, she believes this Court does not have jurisdiction.

Satchell further argues "the mere presence of a federal issue in a state cause of

action does not confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v.

Thompson, 478 U.S. 804, 813 (1986). That a court has to examine or interpret a federal law

or regulation to resolve a matter does not mean a district court has federal question

jurisdiction. Satchell argues none of her claims are created by federal law and none of her

claims depend on the resolution of a substantial question of federal law. Instead, the HAMP

guidelines provide a template for offering loan modifications and Ocwen made affirmative

promises to Satchell to adhere to the terms in the HAMP guidelines.  That Satchell's claims

are predicated upon the existence of HAMP does not confer federal question jurisdiction.

Ocwen argues this Court has subject matter jurisdiction, as a federal question must

be resolved. Ocwen maintains Satchell is attempting to mask a private right of action under

HAMP, which is impermissible, as a state law claim. Ocwen contends this Court permitting

Satchell's disguised HAMP claim to be remanded to state court essentially permits her to

pursue a private right of action under HAMP in direct contravention of the prohibition on

such claims. Moreover, Ocwen argues, if there is a prohibition on private causes of action

under HAMP, there can be no private cause of action for acts or omissions made in

connection with a HAMP modification. Finally, Ocwen argues it is unreasonable for Satchell

to argue her claims do not arise out of HAMP, as without HAMP guidelines, there would be

nothing requiring a lender or servicer to modify Satchell's written mortgage loan.

Ocwen compares the instant case to <u>Sheriff v. Deutsche Bank National Trust</u>

<u>Company et al.</u>, No. CV 10-1328-PHX-JAT, 2011 WL 1496152 (D. Ariz. Apr. 20, 2011). The

plaintiffs in <u>Sheriff</u> requested and submitted a HAMP application, but did not receive a loan

modification. <u>Id</u>. at *1. The plaintiffs sued the defendants and asserted they were not

attempting to state a private cause of action under HAMP. <u>Id</u>. at *3. The district court

disagreed, because "[t]he majority of their complaint [dealt] with the purposes behind

HAMP, HAMP guidelines issued by the United States Treasury, and Defendants' alleged

violations of those guidelines." <u>Id</u>. (internal citations omitted).

Ocwen believes the instant matter is analogous. Ocwen argues Satchell pursued a

HAMP modification after learning about the program on Ocwen's website. When Ocwen

failed to modify her loan, Satchell brought this action. While Satchell claims she does not

state a private cause of action under HAMP, the majority of her Complaint deals with the

purposes of the HAMP guidelines and Ocwen's purported violations of those guidelines.

Ocwen argues Satchell's action necessarily depends on whether HAMP was intended to

require lenders and servicers to engage in certain acts and refrain from certain omissions

with respect to requested loan modifications or be exposed to liability in tort or for breach

of contract. Thus, Ocwen believes Satchell's Complaint raises a substantial federal question and turns on the construction of federal law.

To determine if a complaint presents a federal question, a district court should "first discern whether federal or state law creates the cause of action." Mulcahey v. Columbia Organic Chems. Co. Inc., 29 F.3d 148, 151 (4th Cir. 1994). If federal law creates the cause of action, the district court has subject matter jurisdiction. Id. If, however, state law creates the cause of action, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983)). There is only a "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law[.]" Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996).

This Court lacks subject matter jurisdiction, as Satchell's Complaint "does not demonstrate that [her] state law claims 'necessarily turn[ ] on some construction of federal law.'" Melton v. SunTrust Bank, No. 2:11-CV-204, 2011 WL 1630273, at *1 (E.D. Va. Apr. 21, 2011) (quoting Thompson, 478 U.S. at 808). Satchell simply alleges breach of contract and negligence and seeks to have Ocwen estopped from claiming the parties did not have a contract. Her claims thus arise under Virginia contract and tort law. There is no substantial federal question and the case does not turn on the construction of a federal law. To the contrary, "HAMP appears to merely form part of the backdrop of an otherwise purely state law dispute." Id. It should, thus, be left to the state court to determine if Defendants breached the contract or committed an act of negligence. To hold otherwise "would

drastically upset the balance between federal and state judicial responsibilities." Bennett v.

Bank of Am., No. 3:11-CV-3, 2011 WL 1814963, at *2 (E.D. Va. May 11, 2011). Accordingly,

the Court grants the Motion to Remand.

b. The Court Will Not Award Attorney Fees or Costs

Satchell requests that the Court award attorney fees and costs incurred as a result of

Ocwen's improper removal. Ocwen argues Satchell is not entitled to attorney fees because

its Notice of Removal was in accordance with the law that existed when it was filed.

Ocwen further argues Satchell did not move to remand this case when it was first

removed. Instead, she waited more than two months to request the remand. Moreover,

prior to filing the instant Motion, Satchell actively engaged in litigation by filing a brief in

opposition to Ocwen's Motion to Strike and Motion to Dismiss. Ocwen believes this proves

Satchell also thought the Court had subject matter jurisdiction when it was removed.

Finally, Ocwen contends a fee in the amount Satchell requests, $ 4,500.00, is not

reasonable. Satchell did not submit an affidavit detailing the fees, thereby preventing

Ocwen from assessing and formulating a detailed response as to the reasonableness of the

amount requested. Thus, Ocwen believes the Court should deny the request.

A district court has discretion to award the party prevailing on a motion to remand

attorney fees. See 28 U.S.C. § 1447(c); Martin v. Franklin Capital Corp., 546 U.S. 132, 136

(2005). When determining whether to award fees, the court

> [s]hould recognize the desire to deter removals sought for the purpose of
> prolonging litigation and imposing costs on the opposing party, while not
> undermining Congress' basic decision to afford defendants a right to remove
> as a general matter, when the statutory criteria are satisfied.

> Id. at 140.

An award of fees is appropriate only if "the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141.

The argument that this Court has federal question jurisdiction is not altogether unreasonable. Ocwen removed this matter March 3, 2011. As Ocwen points out, the jurisprudence underlying the remand is very recent and did not exist when Ocwen filed its Notice of Removal on March 3, 2011.  See Rathore v. Bank of Am., N.A., No. 3:11-CV-136, 2011 WL 2077538 (E.D. Va. May 24, 2011); Bennett v. Bank of Am., No. 3:11-CV-3, 2011 WL 1814963 (E.D. Va. May 11, 2011); Melton v. SunTrust Bank, No. 2:11-CV-204, 2011 WL 1630273 (E.D. Va. Apr. 21, 2011). Thus, Ocwen's position is not unreasonable or frivolous and attorney fees are not appropriate.

**IV.    CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand, but will not award attorney fees or costs.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __21st__ day of July 2011

7